UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY HORNER,
    Plaintiff,

v.

ORIONS MANAGEMENT GROUP, LLC,
a California company,
    Defendant.
_____

## **COMPLAINT & JURY DEMAND**

Plaintiff, Jeffrey Horner, through counsel, Michigan Consumer Credit Lawyers, state the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## **JURISDICTION**

2. This court has jurisdiction under the FDCPA.  15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff is a natural person residing in Algonac, St. Clair County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the term is defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is Orions Management Group, LLC, which is a California company that maintains registered offices in Anaheim, California.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in St. Clair County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to GE Capital Retail Bank/Lowes Visa Platinum in the amount of $12,933.47 ("the alleged Debt").

9. The last time that Mr. Horner made a payment on the alleged Debt was in 2009.

10. On or about November 28, 2016, Mr. Horner received a call at his place of employment from Defendant's representative, Wayne Allen.

11. On or December 2, 2016, Defendant called Mr. Horner's place of employment two times. During the second time it called, Mr. Horner's office manager told Defendant not to call, that Defendant was calling a business line, and that Defendant should call Mr. Horner's house for any personal matters.

12. On or about December 8, 2016, Mr. Horner received a letter from Defendant. In its letter, Defendant offered to "settle" the alleged Debt for $7,725.00 and "release you from all claims and liabilities" pertaining to the above-referenced account. This is a violation of the Fair Debt Collection Practices Act as the debt is expired by Michigan's 6 year Statute of Limitations. By Defendant offering to "settle" the expired Debt and "release you from all claims and liabilities," it is misrepresenting the legal status of

the alleged Debt, implying that it is enforceable through court action, when it is not.

13. Despite the office manager's request for Defendant not to call Mr. Horner at his place of employment, Defendant continued to call Mr. Horner at his place of employment two times on December 15, 2016.

14. As a result of Defendant's actions, Plaintiff has suffered damages.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a "debt" under the FDCPA.

18. Defendant is a "debt collector" under the FDCPA.

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692c(a)(1) by communicating with a consumer in connection with the collection of any debt at any unusual time or place known to be inconvenient to the consumer.  Defendant did this

when it contacted Mr. Horner at his place of employment after Mr. Horner's office manager told Defendant not to call Mr. Horner at his work;

b. 15 U.S.C. §1692c(a)(3) by communicating with a consumer in connection with the collection of any debt at the consumer's place of employment when the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. Defendant did this when it contacted Mr. Horner at his place of employment even after Mr. Horner's office manager told Defendant not to call Mr. Horner at work;

c. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any debt. Defendant did this when it offered to settle the alleged Debt by releasing its claims against Mr. Horner when the Debt is not enforceable; and

d. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. Defendant did this when it offered to settle the alleged Debt by releasing its claims against Mr. Horner when the Debt is not enforceable.

20. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, plus has incurred costs and attorneys' fees.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

21. Plaintiff incorporates the preceding allegations by reference.

22. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

23. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it offered to settle the alleged Debt by releasing its claims against Mr. Horner when the Debt is not enforceable;

   b. MCL §339.915(f)(ii) by misrepresenting the legal rights of the creditor or debtor. Defendant did this when it offered to settle the alleged Debt by releasing its claims against Mr. Horner when the Debt is not enforceable;

 c. MCL §339.915(i) by communicating information relating to a debtor's indebtedness to an employer. Defendant did this when it contacted Mr. Horner at his place of employment after Mr. Horner's office manager told Defendant not to call Mr. Horner at work;

 d. MCL §339.915(n) by using a harassing, oppressive, or abusive method to collect a debt. Defendant did this when it contacted Mr. Horner at his place of employment despite the request not to contact him there; and

 e. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

25. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

26. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

27. Plaintiff incorporates the preceding allegations by reference.

28. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

29. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

30. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL §445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it offered to settle the alleged Debt by releasing its claims against Mr. Horner when the Debt is not enforceable;

   b. MCL §445.252(f)(ii) by misrepresenting the legal rights of the creditor or debtor. Defendant did this when it offered to settle the alleged Debt by releasing its claims against Mr. Horner when the Debt is not enforceable;

   c. MCL §445.252(i) by communicating information relating to a debtor's indebtedness to an employer. Defendant did this when it contacted Mr. Horner at his place of employment after Mr. Horner's office manager told Defendant not to call Mr. Horner at work;

   d. MCL §445.252(n) by using a harassing, oppressive, or abusive method to collect a debt. Defendant did this when it contacted Mr. Horner at his place of employment after Mr. Horner's office manager told Defendant not to call Mr. Horner at work; and

    e. MCL §445.252 (q) by failing to implement a procedure designed to prevent a violation by an employee.

31. Plaintiff has suffered damages as a result of these violations of the MCPA.

32. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant them the following relief against the defendant:

    a. Actual damages.

    b. Statutory damages.

    c. Treble damages.

    d. Statutory costs and attorney fees.

Respectfully submitted,

<u>/s/ Gary Nitzkin</u>
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

Dated: January 5, 2017